## AUFFMORDT and others v. HEDDEN, Collector.

*(Circuit Court, S. D. New York. December 10, 11, 1886.)*

1. CUSTOMS DUTIES—REAPPRAISEMENT—RIGHTS OF IMPORTER.
    The importer has a right to be present when the reappraisers view his goods, to see that they are his goods, and to make such statements as are pertinent to the case.

2. SAME—POWERS OF REAPPRAISERS—WITNESSES.
    The reappraisement is an appraisal on view, and the reappraisers have the power to ascertain the value of the merchandise by reasonable ways and means, (Rev. St. U. S. § 2902,) and to determine what witnesses, if any, it is proper for them to examine.

3. SAME—MERCHANT APPRAISER NOT AN "OFFICER."
    The merchant appraiser is not an "officer," within the meaning of article 2, § 2, of the constitution of the United States.

4. SAME—EXACTION OF FEE.
    The exaction by the collector of customs, of the importer, of a fee for the compensation of the merchant appraiser, is unauthorized by law.

The issue involved in this case was the legality of reappraisement proceedings before the United States general appraiser and merchant appraiser, at the port of New York, on April 8, 1886. The plaintiffs, C. A. Auffmordt & Co., imported from Bremen, per the steamer Main, certain manufactures of silk and cotton, which were entered at the custom-house at the port of New York on March 13, 1886. The value of the merchandise in the invoice was 6,249 francs 50 centimes. After deducting the charges as expressed in the invoice, it left the value at 5,977 francs 20 centimes. The plaintiffs, at the time of making their entry, voluntarily added to the invoice value 1,092 francs 80 centimes, making the entered value of the goods 7,070 francs. The collector of customs at the port of New York, upon an examination and appraisal of the

goods, advanced the valuation thereof to the sum of 7,510 francs 10 centimes, and payment of duties was exacted upon the additional number of francs, to-wit, 440 francs 10 centimes. No penalty was exacted or paid. The plaintiffs, on March 22, 1886, gave to the collector notice of dissatisfaction with such appraisement, and requested a reappraisement pursuant to law, (Rev. St. § 2930;) on the receipt of which Collector Hedden, the defendant, selected and appointed James C. McCreery as a merchant appraiser, to be associated with United States General Appraiser Brower, to examine and appraise the value of said goods agreeably to the provisions of the statute.

The plaintiffs, at the time they lodged with the collector their notice of dissatisfaction with the original appraisement of their goods, paid a fee of $10 to the collector, to cover the expense or compensation of the merchant appraiser on the reappraisement. Upon the reappraisement the valuation put upon the goods on the original appraisement was sustained, and the plaintiffs paid the additional duty on such valuation, to recover which this action was brought.

The plaintiffs protested against the legality and validity of the reappraisement proceedings in a voluminous protest, claiming, among other things, that the plaintiffs were excluded from such proceedings, and were not allowed to be present, personally or by counsel, nor to examine or cross-examine witnesses; that they were prevented from examining the written statements of the witnesses called for the government on said reappraisement; that the merchant appraiser was not legally qualified or competent to act in that capacity; also that the *appointment of the merchant appraiser was unlawful and void;* that the *collector had no warrant or authority to appoint him,* nor had he any lawful qualification or right to act officially in the premises; that the reappraising officers disregarded the evidence, and acted upon their own supposed knowledge, and that their decision was contrary to the facts and evidence, and contrary to law; and that said reappraisement was altogether irregular, unlawful, fraudulent, and void. Plaintiffs also protested against the payment or exaction of the sum of $10 to cover the fee of the merchant appraiser.

It was shown by evidence that the merchant appraiser was selected and appointed by the collector; that the plaintiffs, by their agent, were allowed to be present upon the reappraisement to make a full statement concerning the goods and their value, and such explanations and statements as were pertinent to the case; that samples of the goods were on a table before the reappraising board; that the cases of the goods were in an adjoining room, accessible by an open door; that the plaintiffs did not request the board to examine any witnesses on their behalf, nor to have counsel present; that the plaintiffs were familiar with the usual course of business upon reappraisement proceedings, and knew they would not be allowed to be present to cross-examine nor to read the depositions of the government witnesses, nor to have counsel present, nor to remain before the board after making their statements. It was shown that, by a rule in force, the plaintiffs would not be allowed to be present in the adjoining room where the cases of goods were, during the inspec-

tion and examination of the same by witnesses, on such reappraisement proceedings.

A letter of the secretary of the treasury to the United States general appraisor at New York city, dated June 9, 1885, (Synopsis of Decisions, Treasury Department, No. 6,957,) was read in evidence, and it was claimed by the plaintiffs that the reappraising board acted under stress or duress of this letter, and of other treasury regulations, and did not exercise their own power and discretion in making or conducting such reappraisement proceedings under sections 2902, 2930, Rev. St.

The plaintiffs' attorneys moved for a direction of a verdict for the plaintiffs, chiefly upon the ground of the unconstitutionality of section 2930 of the United States Revised Statutes, contending that under article 2, § 2, of the constitution of the United States, congress had no power to vest the appointment of a merchant appraiser in the collector of the port, who is not the head of a department; that the merchant appraiser was an "officer," and the constitution limited the power of congress to vest the appointment of such "officer" to the president or courts of law or heads of departments; and that the merchant appraiser was also one of the officers included within the provisions of the civil service act of 1883, (22 U. S. St. at Large, 403.)

*Mr. Tremain*, for plaintiffs, cited Rev. St. U. S. §§ 2930, 2929, 2614, 2616, 2618, 5501, 5451, 5448, 2922, 1, 2949, 2902, 2906, 2907, 2910, 2912, 2913, 2946, 2903, 2609, 2538, 2539; St. 1883, Rev. St. §§ 2940, 2843, 2908, 2530, 1415, 2630, 2536; St. 1799; Treas. Regs. arts. 472, 473, 466, 467; Const. U. S. art. 2, § 2; *Iselin* v. *Hedden*, 28 Fed. Rep. 416; *U. S.* v. *Maurice*, 2 Brock. 102; *Robinson* v. *Chamberlain*, 34 N. Y. 398; *Platt* v. *Beach*, 2 Ben. 316; *U. S.* v. *Maurice*, 2 Brock. 107; 2 Op. Attys. Gen. 211; 13 Op. Attys. Gen. 518–521; 2 Op. Attys. Gen. 413; 4 Op. Attys. Gen. 162; 8 Op. Attys. Gen. 41; *Trade-mark Cases*, 100 U. S. 98; *Virginia Coupon Cases*, 114 U. S. 304, 5 Sup. Ct. Rep. 503; *Allen* v. *Louisiana*, 103 U. S. 83; *Champagne Cases*, 3 Wall. 114.

*Mr. Platt*, in reply, and moving for a direction of a verdict for defendant, quoted *Oelberman* v. *Merritt*, 19 Fed. Rep. 408; *Burgess* v. *Converse*, 2 Curt. 219; *Goodsell* v. *Briggs*, 1 Holmes, 299–302; *Halleck* v. *Barney*, 5 Blatchf. 38; *Rankin* v. *Hoyt*, 4 How. 335; *Hilton* v. *Merritt*, 110 U. S. 97, 3 Sup. Ct. Rep. 548; *Tucker* v. *Kane*, Taney, 146; *Bangs* v. *Maxwell*, 3 Blatchf. 135; *Schmaire* v. *Maxwell*, Id. 408; *Vaccari* v. *Maxwell*, Id. 368–376; *Yznaga* v. *Peaslee*, 1 Cliff. 493; *U. S.* v. *Hartwell*, 6 Wall. 385.

*Tremain & Tyler*, for plaintiffs.

*Stephen A. Walker*, U. S. Atty., and *Henry C. Platt*, Asst. U. S. Atty., for defendant.

WHEELER, J., (*orally.*) This constitutional question, of course, is new to me. I think "officer," as it occurs to me now, means one with public duties somewhat continuous in their nature. These merchant appraisers, if I rightly construe the law, are appointed for each case. The theory of the law is that the collector appoints a merchant appraiser

for each occasion; and, if two or three reappraisments are acted upon at the same time, it is not because the merchant appraiser holds the office for a day or an hour, or a quarter of an hour, or for a month; but it is because the same man may be appointed in two or three instances to act on more than one appraisal, and he acts on several at the same time. I do not think an appointment of a merchant appraiser for a day, to hear any cases that might come before him, would be good. I don't think that his oath applies for a day or a week. I think he should be sworn in every case.

The merchant appraiser is a statutory reviewer for each case. He does not hold an office, but just merely holds a designation for that one thing. That is my present impression. The merchant appraiser is called in; designated by the collector to act upon a case; to appraise on view. Their importance has not been overestimated by the counsel, because there is no appeal from their determination. What they do is final, when they do it regularly. I think I am not called upon now to say anything more about the constitutionality of this law. I should not feel warranted to say, sitting in this circuit court, that a law was unconstitutional which has stood so long, and been challenged in so many ways, but which never was challenged in this way before.

As to the other questions raised by the evidence, I entertain the same views that I did when the case of *Iselin* v. *Hedden* was tried on this subject before me: that it is the right of the importer to be present by himself or his agent. I do not gather from the testimony, as given here, that the plaintiffs or their agent understood that they were in any way excluded from their goods, which were in the adjoining room. I understand him to say that when his appraisal was going on he was at perfect liberty to be in the room where the goods were, and point them out to the appraisers, but not to the witnesses. I understand him that there was a notice on the door that led into that room that nobody would be allowed in there when the witnesses were examining the goods. When his case was up, and the merchant appraiser and the general appraiser were there, if he had wanted to, he could have gone into the room, and pointed out any of the goods he had a mind to. He was asked to make his statements, and understood that he had the right. He didn't question but that the samples they had were the right ones. He stayed there as long as he wanted to, to do anything about pointing out his goods. I think the importer was entitled to that; to be there when the appraisal was made; to point out his goods; to know they were his goods; to illustrate them, and exhibit them in any manner he saw fit; and to present to the appraisers any views he had. I think he had that right; but I am not able to say from this evidence that there was anything tending to show that he was denied that right.

There is one other point upon which I am not clear; that is, when this board takes testimony, (and whether they will take it at all or not they are to decide for themselves,) whether they are bound to let the importer know that they are taking it; or, if they let the importer know they have taken it, whether they are bound to let him know what it is so he may answer

it. But my impression is that that is discretionary with the board; that they may make inquiry by what they deem to be proper ways and means; and that the importer must rely upon their fairness and judgment as to what testimony they do take, and the weight they give to it; that the fact that the importer was not informed who the witnesses were, and what they testified to, and given an opportunity to cross-examine them, and an opportunity to meet it, does not constitute a valid objection against the reappraisement.

I do not think we have competent proof here to be submitted to the jury tending to show that the general appraiser and merchant appraiser were so hampered by instructions as to what they were to consider, and the weight they were to give to the evidence, and the evidence they should take, that they did not do what they saw fit about it. I think that the board had a perfect right to do what they thought was fit, and nobody else had any right to control them in any way. If there was evidence to show that they were hampered by instructions in any way, and did not freely exercise their own judgment, I should think the importers did not have a good reappraisement. But every such thing is denied. They were sworn, and they met, and they acted just as they saw fit, so far I think as this evidence shows.

On the testimony presented here I see no way but to direct a verdict for the defendant, except as to the $10 paid to the collector as a fee for the merchant appraiser. I think the plaintiffs should have a verdict as to that. Verdict directed accordingly.